DANIEL LINCOLN, *by* HENRY NICHOLS *Guardian, v.* REUBEN R. THRALL.

### *Pleading.    Abatement.*

In an action in favor of a person of unsound mind, brought by his guardian, the defendant pleaded in abatement the pendency of a prior suit between the same parties for the same cause of action. The plaintiff replied, that when the first suit was commenced, the plaintiff was under guardianship, and that

Lincoln *v.* Thrall.

the guardian did not sue out the writ in that suit, and was not a party there-to, or in any way named in it; *Held*, that the plea in abatement, as it did not deny the guardianship, was insufficient to abate the second suit in that it did not allege either that the first action was commenced before the plaintiff was placed under guardianship, or, if after, that it was commenced by the procurement or assent of the guardian.

*Held*, also, that it was too late to insert these necessary allegations in the defendant's rejoinder to the plaintiff's replication, as a plea in abatement cannot be aided by matters alleged in subsequent pleadings.

The declaration in the second suit counted upon a judgment for the sum of five hundred and seventy-three dollars and forty-seven cents damages. The plea alleged that the declaration in the first suit counted upon a judgment for five hundred and twenty-three dollars and forty-seven cents; *Held*, that although it was unnecessary to describe the judgments in the plea, yet having done so, the general allegation contained in the plea, that the two suits were for the same cause of action, which would otherwise have been alone sufficient, would not aid the plea when it appeared by comparison of it with the declaration, that the judgments were for different amounts.

DEBT. The plaintiff declared upon two judgments recovered against the defendant in the county court of Rutland county, one, in 1854, for one hundred and thirty dollars and twenty-five cents damages, and one hundred and eighty dollars and forty-four cents costs, the other, in 1856, for five hundred and seventy-three dollars and forty-seven cents damages, and one hundred and forty-two dollars and one cent costs.

The defendant pleaded in abatement the pendency of another suit in the Rutland county court, commenced on the 15th of January 1858, in favor of the plaintiff and against the defendant in this suit, in which the plaintiff then declared in a plea of debt, upon a judgment recovered by the said Daniel Lincoln, against this defendant, in the Rutland county court, holden on the second Tuesday of September, 1854, for the sum of one hundred and thirty dollars and twenty-five cents, damages, and the further sum of one hundred and eighty dollars and forty-four cents, costs of suit; also in a plea of debt on judgment, for that the plaintiff in the Rutland county court, on the second Tuesday of September, 1856, recovered a judgment against the defendant for the sum of five hundred and twenty-three dollars and forty-seven cents, damages, and the sum of one hundred and forty-two

dollars and one cent for his costs ; and the defendant averred that the said declaration is upon the same identical judgments as those declared upon in the declaration in the present suit ; that the parties in this and the former suit are the same ; and that the former suit, so brought and prosecuted against him, the defendant, by the said Daniel Lincoln, was still pending, at the time the plaintiff prayed out his writ, in this his second suit, upon the same identical judgments as before described.

The plaintiff set forth, in reply, the appointment on the 16th day of March, 1855, by the probate court of the District of Rutland, of Henry Nichols as guardian of Daniel Lincoln, the latter having been adjudged *non compos* by that court, together with the proceedings thereto, and averred that Nichols did not sue out the writ in favor of Lincoln against the ·defendant, so prayed out on the 15th of January 1858, as alleged in the defendant's plea, nor was he a party to the same or in any way named in the writ.

The defendant alleged by way of rejoinder, that Edgerton & Hodges were the attorneys for Daniel Lincoln in the prosecution of the claim, long before the appointment of Henry Nichols as guardian, and continued in the prosecution of the claims as attorneys for Lincoln, under Nichols as his guardian ; and the commencement and prosecution of the first suit, above mentioned, was in pursuance of their original engagement by Lincoln, and the continuance and further prosecution of the same was by the consent and under the continued engagement of Nichols, as guardian of Lincoln ; that no objections were ever raised to the prosecution of said suit on account of the non-joinder of Nichols as guardian ; that Lincoln never, after the appointment of Nichols, attempted to control Edgerton & Hodges in their prosecution of the suit, or in any way to interfere in the same ; and that Nichols might, by leave of court, have entered in the first suit, and have prosecuted and controlled the same ; or, if he had any fear that Lincoln would have attempted or wished to prosecute or control the same, he might, as his guardian, have taken charge of the same, and might have given notice to this defendant of the discontinuance of the first suit before he commenced his second suit, or might, by leave of court, have entered his own name as

guardian, and have prosecuted the first suit as guardian for Lincoln.

The plaintiff demurred to the defendant's rejoinder.

The court at the March term, 1860, PIERPOINT, J., presiding, decided that the rejoinder was insufficient, and the defendant excepted.

The defendant *pro se.*

*S. H. Hodges,* for the plaintiff.

POLAND, CH. J.   The case of *Holden* v. *Scanlin,* 30 Vt. 179, decided that suits in behalf of insane persons under guardianship must be brought by the guardian in behalf of the ward.   To this suit brought by the guardian, the defendant pleaded in abatement the commencement and pendency of a previous suit by the ward.   If the ward, while under guardianship, without the authority or assent of the guardian procures a suit to be instituted, the guardian is not bound by it, nor is he thereby precluded from bringing an action to enforce the same claim or right, which the ward has thus improperly attempted.

The plea ought therefore to allege that the first action was commenced before the plaintiff was placed under guardianship, or that the first suit was commenced by the procurement or assent of the guardian, in order to show a sufficient ground for abating the second, as it does not deny the guardianship.  The plea fails to do this, and therefore shows no sufficient ground of abatement.

The defendant's rejoinder to the plaintiff's replication, setting up the proceedings by which the guardian was appointed, attempts to answer it by showing that the first suit was commenced with the assent of the guardian, or by attorneys employed by him, but this rejoinder is so inartificial that it is not attempted to be supported in argument as good pleading.   It is in form both a demurrer to the replication and a rejoinder of new matter, and is both double and argumentative.

If the new matter was properly alleged, it is too late, for the same matter should have been contained in the plea to make that

good, and a plea in abatement cannot be helped by matters alleged in subsequent pleadings.

The plea is also defective in misdescribing the cause of action. The plaintiff's declaration counts upon two judgments; one is described as being for the sum of five hundred seventy-three dollars and forty-seven cents damages. The plea says that the declaration in the former suit counted upon two judgments, and describes them—one as being for the sum of five hundred twenty-three dollars and forty-seven cents damages. The plea alleges that the former suit was brought upon the same identical judgments as the present suit, and the same described in the plea. It was unnecessary for the defendant to have described the judgments in his plea; the allegation that both suits were for the same cause of action would have been sufficient. But having set out and described the judgments upon which the first suit was brought, in the plea, and one of them appearing to be for a different sum from the judgment declared upon in this suit, the general allegation that they are the same and identical, will not help out the plea when they show by comparison they are not the same.

It often happens that a party becomes bound to give proof and subject to objections of variance, by alleging particulars in his declaration or other pleadings, which he might safely have omitted altogether. The old and leading case of *Bristow* v. *Wright*, Doug. 665, furnishes an illustration of that danger. Pleas in abatement ought at least to be equally subject to such disaster, with more meritorious pleading. These views of the plea relieve us from examining the technical objections made to the mere form of the plea.

Judgment affirmed.